CLARK *v.* CITY OF MINNEAPOLIS.

*(Circuit Court, D. Minnesota. January 9, 1891.)*

PATENTS FOR INVENTIONS—INFRINGEMENT—ANTICIPATION.

Letters patent No. 401,618, issued April 16, 1889, to David S. White, for an improvement in hoisting and loading machines, consisting of an elevated portable platform, built so as to allow a car to be passed under it to receive the contents of a pivoted receptacle, with a hoisting apparatus on the platform adapted to raise the material up and over the platform, and a receptacle on the platform, fixed so as to receive the material elevated and emptied into the car, is not infringed by a machine known as "Green's Hoisting Apparatus," which consists of a platform on wheels, elevated so as to allow a car to pass under it, and an inclined projecting boom, up which a truck runs and a bucket is hoisted so that it may be emptied into a receptacle, since said Green's machine is substantially the same as the C. W. Hunt elevator, which was in use before the patented machine was invented.

In Equity.

*Paul & Merwin*, for complainant.

*James F. Williamson*, for defendant.

NELSON, J. This suit is brought against the city of Minneapolis by C. W. Clark, assignee of letters patent issued to David S. White, dated April 16, 1889, No. 401,618, "for an improvement in hoisting and loading machines." He claims an infringement by defendant in using what is called the "Green Loading and Unloading Mechanism for Sewer Excavating." Defendant, in its answer, pleads (1) no patentable novelty; (2) that the patentee is not the first inventor; (3) non-infringement. I shall consider only the issue raised by the defense of non-infringement, which, in my opinion, settles the cause. The specification of the patentee, White, states that "My invention relates particularly to improvements in machines for excavating sewers, though applicable in making many other excavations." The invention is not an excavator, but can be used in elevating the earth, and dumping it into a receptacle in connection with the excavating machines or hand digging; and so he further states that

"the object I have in view is to provide a machine by which the dirt or material may be quickly raised from any depth, and dumped into a suitable receptacle, from which it may be transferred to a suitable car, and transferred to any desired point." It is then stated that there are other objects that the inventor had in view, and that they would appear in the detailed description which is given of the invention, taken in connection with the drawing of the device. The machine described in the White patent is—*First*, an elevated portable platform, called a "carriage," built so as to allow a car to be passed thereunder to receive the contents of a pivoted receptacle; *second*, a hoisting apparatus on the platform adapted to raise the material up and over the platform; *third*, a receptacle on the platform, fixed so as to receive the material elevated and brought into position over the platform and emptied into the car. A hoisting mechanism known as the "C. W. Hunt Elevator," used principally for elevating coal, but that could be used for other material, and operated long prior to the complainant's alleged invention, (the White hoisting apparatus,) is described in the evidence taken in this suit. Two models are introduced, one larger than the other, with slight immaterial changes in structure. They are both hoisting machines or elevators, allowing a car to run under a tower, which is without wheels under it, but with depending standards, and a fixed receptacle for holding and receiving coal and other material elevated. Both models have an inclined projecting boom on which a truck runs, and a bucket is hoisted up this boom and up the incline to a point where it is emptied. In one of the models the boom is on such an incline that the bucket filled with material would swing from the end of the boom, and could be lowered to the place where the material is located and hoisted some distance before it reached the truck on the boom, so as to run up the incline to a position over the receptacle. The angle at which the boom runs from the tower depends upon the position of certain braces, which project from the tower under the boom to its overhanging end and support it. The machine used by the defendant, (Green's hoisting apparatus,) when compared with the Hunt elevator, has striking resemblances. Green uses a platform on wheels, instead of a tower elevated so as to allow a car to pass under it, and an inclined projecting boom on which a truck runs, called by him a "trolley," and up this incline a bucket is hoisted to a point over a receptacle, into which it is emptied, and then dumped into a car. The structure and mechanism of the Green machine has less standards above the platform upon which the receptacle is placed than the tower of Hunt. But they do not change the features of the machine and objects to be accomplished by each. The material is elevated in substantially the same manner. If two of the tower standards in the Hunt apparatus above the receptacle are removed, and wheels placed under it, so it could be easily moved, and the receptacle pivoted, instead of fixed with a slide in it, there would be produced substantially the Green machine. Green had some mechanism for automatically dumping the hoisting bucket, which is not in either the Hunt or White apparatus, but they are not important in determining this case. The substance of the testimony of the complain-

ant's expert witness Bates is that such changes as could be made by a skilled mechanic in the Hunt elevator would produce a hoisting apparatus similar and operating substantially in the same way and for the same purposes as the Green machine, except some automatic mechanism, perhaps, which, in my opinion, makes Green's apparatus better than Hunt's. There can be no doubt that an examination of the Hunt and Green machines shows that in all essentials they are alike. There is no infringement by the defendant, and a decree will be entered dismissing the bill.